IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Cindy Zickert, Individually and as Special
Administrator for the Estate of Frank L.
Zickert, Deceased,

v.  Case No. 13-CV-250

Bayer CropScience Inc., et al.

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Wisconsin law, the survival claims alleged in this case should be dismissed with prejudice because Plaintiff lacked authority to file suit on behalf of the Estate of Frank L. Zickert, the action was not properly commenced, and the statute of limitations has now run. Defendant Weyerhaeuser Corporation ("Weyerhaeuser"), by and through counsel, files this Brief in Support of its Motion for Summary Judgment:

**STATEMENT OF FACTS**

Frank L. Zickert ("Decedent") was diagnosed with lung cancer on or about June 9, 2010, and died on May 17, 2011. Plaintiff Cindy Zickert is the widow of Decedent. On April 12, 2013, Plaintiff filed her Complaint both "individually" and as "Special Administrator for the Estate of Frank L. Zickert" in the Western District of Wisconsin. The Complaint alleges negligence and nuisance claims against Weyerhaeuser as a premises owner and seeks damages for wrongful death and other damages suffered by Decedent. By definition of Wisconsin

1

statutory law, any damages suffered by Decedent are categorized as survival claims.[1] See Complaint, ¶¶ 60-61. Since March 2014, Defendant Weyerhaeuser has repeatedly requested documentation evidencing Plaintiff's appointment as Special Administrator of Decedent's estate. No such documentation has been provided, and discovery closed on April 14, 2014. Further, Defendant Weyerhaeuser filed the instant motion on July 31, 2014, while this case was pending in MDL 875. Plaintiff did not respond.[2]

## ARGUMENT

Pursuant to Wisconsin law, the survival claims in this matter should be dismissed with prejudice because Plaintiff had no authority to file suit on behalf of Decedent's estate, the action was not properly commenced, and the statute of limitations has now run. Plaintiff was not the special administrator of the Estate of Frank L. Zickert at the time she filed this lawsuit nor was she appointed special administrator prior to the running of the statute of limitations. Because survival claims must be brought by the personal representative of the estate, the survival claims should be dismissed, and because the statute of limitations has now run, the dismissal should be with prejudice.

### A. Summary judgment standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will

---

[1] "By virtue of § 895.01, Stats., claims for damages due to pain and suffering of the deceased survive his death and pass to the decedent's estate. A survival action is distinct from a wrongful death action." *Estate of Merrill v. Jerrick*, 231 Wis. 2d 456, ¶5, 605 N.W.2d 645 (Wis. Ct. App. 1999); see also 9 Callaghan's Wisconsin Pleading & Practice § 82:2 (4th ed. 2005); 2 The Law of Damages in Wisconsin § 16.10 (5th 2d. 2010). For the sake of clarity and consistency, we use the term "survival claims" throughout this motion to refer to the damages alleged on behalf of Decedent.

[2] Per Judge Robreno's Order, dated October 20, 2014, all pending motions, including this motion for summary judgment, were dismissed with leave to refile in the transferor court after remand. See E.D. Pa. Case 2:13-cv-60013-ER, ECF No. 115, fn. 2.

be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of showing the absence of a genuine issue of material fact, however, this burden shifts to the non-moving party who must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

### B. Choice of Law - Wisconsin Law Applies

The original action in this case was filed in the United States District Court for the Western District of Wisconsin in April 2013, and jurisdiction was based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. When diversity of citizenship is the basis for subject matter jurisdiction, the district court looks to the law of the forum state to determine which state's substantive law should be applied. *Klaxton Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941). Wisconsin courts presume that Wisconsin law applies unless it is clear that non-forum contacts have greater significance. *State Farm Mutual Auto Insurance Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662. Therefore, Wisconsin law is applicable.

### C. The survival claims were commenced without legal authority and must be dismissed

Although on its face Plaintiff's Complaint asserts that she is the special administrator of the estate of Decedent, Plaintiff has not produced any documentation to show that she has been named special administrator of Decedent's estate despite Defendant's numerous requests for this information. If Plaintiff was not the Special Administrator of the Estate, the survival claims

3

were improperly commenced because those claims belong solely to the estate, and if commenced without legal authority, the survival claims must be dismissed.

A survival action is distinct from a wrongful death action. *See Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310-11, 294 N.W.2d 437, 462-63 (Wis. 1980). Under Wisconsin law, a "survival action" is brought to recover damages suffered by the decedent prior to death. *Weiss v. Regent Properties, Ltd*., 118 Wis. 2d 225, 233, 346 N.W.2d 766 (Wis. 1984), Wis. Stat. § 895.01 (2014); *see also Schilling v. Chicago, N. Shore & Milwaukee R.R. Co*., 245 Wis. 173, 177, 13 N.W.2d 594 (Wis. 1944) (pre-death conscious pain and suffering). "With a survival action, both the cause of action and the recovery belong to the estate." *Day v. Allstate Indem. Co*., 332 Wis. 2d 571, 597, 798 N.W.2d 199, 212 (Wis. 2011). A survival action "**must** be brought by the personal representative of the estate." *Estate of Ertl v. Waukesha Memorial Hospital*, No. 2012AP796, Slip. Op., 833 N.W.2d 872 (Wis. Ct. App. May 1, 2013) (emphasis added) (attached hereto as Exhibit A). "By statute, a decedent's personal injury action survives his death. Such an action is vested with a decedent's personal representative and brought for the benefit of the decedent's estate." *Miller v. Luther*, 170 Wis. 2d 429, 436, 489 N.W.2d 651, 6523 (Wis. App. 1992) (*citing Brown v. Chicago & N.W. Ry*., 102 Wis. 137, 140-42, 77 N.W. 748, 749-50 (1899)).

The Wisconsin Supreme Court addressed this very issue in *Schilling v. Chicago North Shore & Milwaukee R. Co.,* 245 Wis. 173, 13 N.W.2d 594 (Wis. 1944). In S*chilling*, the decedent's widow commenced a lawsuit for damages belonging to her late husband's estate prior to her appointment as personal representative of the estate. Similar to the survival claims in this case, the claims for damages being asserted rested entirely with the estate. *Id.* at 177. After the lawsuit was filed and after the statute of limitations ran, the plaintiff was appointed personal

4

representative of the estate and moved to be substituted as a party plaintiff. The Wisconsin Supreme Court affirmed the denial of her motion and upheld the dismissal of the complaint, noting that

> [n]o one had a right to bring this action except the representative of the deceased and no such action was brought within [the applicable statute of limitations]. . . The mere fact that under certain conditions she could bring an action for the death of her husband does not mean that an action has been commenced to which the representative can be substituted where no lawful action is pending.
> *Id.* at 179.

Similarly, although Plaintiff Cindy Zickert may recover wrongful death damages as a statutory beneficiary, she did not commence the survival claims because she was not the proper plaintiff to file such claims.

In *Estate of Ertl v. Waukesha Memorial Hospital*, No. 2012AP796, Slip. Op., 833 N.W.2d 872 (Wis. Ct. App. May 1, 2013) (attached hereto as Exhibit A), the Wisconsin Court of Appeals affirmed the circuit court's dismissal of a lawsuit when the decedent's son (prior to being appointed the estate's personal representative) filed a complaint on behalf of his father's estate, for damages belonging to the estate. The defendant filed a motion for summary judgment, arguing that dismissal was required because the plaintiff lacked the capacity to sue on the estate's behalf. *Id.* at ¶5. The circuit court ruled that "a lawsuit of this nature (i.e., a survival action) must be brought by the personal representative," dismissed the lawsuit and entered judgment in favor of the defendant. *Id.* at ¶6. In doing so, the circuit court explained "[t]here was no such personal representative; therefore, the action in its truest form was never properly commenced." *Id.* The Wisconsin Court of Appeals affirmed the dismissal, relying upon the Wisconsin Supreme Court's holding in *Schilling*. "We acknowledge that some could read *Estate of Kitzman v. Kitzman*, 163 Wis. 2d 399, 402-04, 471 N.W.2d 293 (Wis. Ct. App. 1991), as having changed the law in Wisconsin. But *Kitzman* is a court of appeals case and Schilling has

not been expressly identified and rejected in any subsequent case. We note that the *Kitzman* panel never mentioned Schilling let alone address [sic] it." *Id.* at FN 4. The court concluded that dismissal was proper because plaintiff "did not create the capacity to sue on behalf of the Estate until after the statute of limitations expired." *Id.* at ¶ 11.

Because Plaintiff Cindy Zickert, like the plaintiff in *Schilling*, filed the present matter without being appointed special administrator of the estate, the survival claims were improperly commenced and should be dismissed.

**D. Because the statute of limitations has run on Decedent's survival claims, the claims should be dismissed with prejudice**

Pursuant to Wisconsin law, the limitations period is three years from the date of injury for negligent torts, Wis. Stat. § 893.54 (2014), and three years for intentional torts. Wis. Stat. § 893.57 (2014). If a negligent act or omission causes the injury and death of another, the survival claim must be brought within three years of the date of injury. *Miller v. Luther*, 170 Wis.2d 429, 489 N.W.2d 651 (Wis. Ct. App. 1992). All tort claims, with the exception of those governed by a legislatively created discovery rule, "shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first." *Estate of Merrill*, 471 N.W.2d at 550, *citing Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (Wis. 1983).

According to Plaintiff's Complaint, Decedent was diagnosed with lung cancer on or about June 9, 2010, and "Decedent became aware of his asbestos-related conditions and that said conditions were caused by Defendant's wrongful conduct" before he passed away. See Complaint, ¶15. Given that Decedent learned of his alleged illness and its cause prior to his death, Decedent's statute of limitations began running prior to his death. Decedent died on May 17, 2011, so the statute of limitations for his survival claims ran no later than May 16, 2014.

6

Because the statute of limitations has run as to the survival claims, those claims should be dismissed with prejudice.

## CONCLUSION

Plaintiff was not appointed special administrator prior to filing her Complaint, and the survival claims were not properly commenced and must be dismissed with prejudice because the applicable statute of limitations has run.

Respectfully submitted this the 4th day of December, 2014.

                        Counsel for Weyerhaeuser Company,

                        /s/ Joshua J. Metcalf
                        Joshua J. Metcalf (MS Bar No. 100340)
                        Tanya D. Ellis (MS Bar No. 101525)
                        Forman Perry Watkins Krutz & Tardy LLP
                        Phone: (601) 960-8600
                        Facsimile: (601) 960-8613
                        Email: ellistd@fpwk.com
                        Email: metcalfjj@fpwk.com

OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone: (601) 960-8600
Facsimile: (601) 960-8613

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 4, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Joshua J. Metcalf
Joshua J. Metcalf