IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

Cindy Zickert, Individually and as Special
Administrator for the Estate of Frank Zickert,
deceased,

                          Plaintiff,

v.

Bayer CropScience Inc., et al,

                          Defendant.

Case No. 13-cv-250

**PLAINTIFF'S RESPONSE TO DEFENDANT WEYERHAUSER'S MOTION FOR SUMMARY JUDGMENT ON THE WRONGFUL DEATH AND SURVIVAL CLAIMS**

      Plaintiff opposes defendant Weyerhaeuser Corporation motion for summary judgment on Plaintiff's survival and wrongful death claims.

Introduction

      Defendant's motion for summary judgment contends the cause of action was not properly commenced because Plaintiff was not the special administrator of the Estate of Frank Zickert at the time of filing. Defendant also asserts Plaintiff's claim is not within the statute of limitations.

      The instant claims should not be dismissed and Defendant's motion should not be granted for the following reasons:

- The powers of a duly appointed personal representative or special administrator "relate back in time to acts by the personal representative prior to the appointment which are beneficial to the estate." Wis. Stat. Ann. § 865.09 (2) (West 2010).

- Cindy Zickert was duly appointed special administrator on July 1, 2014, and thus can properly bring a survival action on behalf of the Estate of Frank Zickert. (Ex. 1).

- Plaintiff's complaint, filed April 12, 2013, is within the statute of limitations for this claim. (Ex. 2).

## Evidence

Decedent Frank Zickert was diagnosed with lung cancer on June 9, 2010. (Ex. 3). Decedent was exposed to and breathed asbestos fibers for many years through the actions of defendant Weyerhaeuser. This exposure caused him lung cancer and ultimately his death on May 17, 2011. (Ex. 4). Plaintiff filed suit in the Western District of Wisconsin within the statute of limitations on April 12, 2013, both individually and as special administrator of the Estate of Frank Zickert. (Ex. 2). Plaintiff's counsel also obtained an order appointing Plaintiff Cindy Zickert as Special Administrator of the Estate of Frank Zickert on July 1, 2014.(Ex. 1).

## Argument

*Choice of Law*

Plaintiff does not contest Defendant's assertion that Wisconsin law governs probate issues in this case. (Doc. No. 34 at p. 3).

*Relation Back*

Cindy Zickert was appointed Special Administrator of Frank Zickert's estate on July 1, 2014. (Ex. 1). Relation back of the appointment's power rebuts Defendant's arguments that the claim was not timely filed by a proper representative. *Hutchinson v. Sprink*, 126 F.3d 895, 899 (7th Cir. 1997).[1]

---

[1] A personal representative in Wisconsin has statutory authority to bring a claim on behalf of the estate. Wis. Stat. § 895.04(1) provides: "an action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs." Wis. Stat. Ann. § 895.04(1). A personal representative may bring this action against a defendant in every case that the decedent could if she were still living. Wis. Stat. § 877.01. The Seventh Circuit has held that the appointment of a special administrator in Wisconsin relates back the same way as a personal representative appointment. *Hutchinson*, 126 F. 3d at 899.

Defendant's argument that Plaintiff Cindy Zickert was not appointed before filing the lawsuit is answered by Wisconsin statutory law, which states that "[t]he personal representative's powers relate back in time to acts by the personal representative prior to appointment which are beneficial to the estate." Wis. Stat. § 865.09(2). The Seventh Circuit relied on this statute in holding that the appointment of a special administrator in Wisconsin relates back the same way as a personal representative appointment. *Hutchinson*, 126 F. 3d at 899. In *Hutchinson*, the plaintiff's son was killed in an accident involving the defendant and the plaintiff sued on behalf of her son's estate. *Id*. at 897. At the time the complaint was filed on February 1, 2014, no estate had been opened on her son's behalf. *Id*. It was not until over a year later, on February 14, 1997, four days after oral arguments on appeal from the lower court that the plaintiff was finally appointed special administrator of her son's estate. *Id*. at 898. The court of appeals applied Wisconsin law and held that under § 865.09, the plaintiff's appointment related back even though she was not appointed as special administrator until more than a year after the complaint was filed. *Id.* at 899.

The plaintiff's appointment in *Hutchinson* related back to the filing of the lawsuit even though over a year had passed between the filing of the case and the appointment. There is no time limit for relation back under Wis. Stat. § 865.09. Therefore in this case, as in *Hutchinson*, Cindy Zickert's appointment as special administrator relates back and cures any defect existing at the time of filing.

Defendants cite to *Schilling v. Chi. N. Shore Milwaukee R.R. Co.*, 245 Wis. 173 (1944), where in 1944, the Wisconsin Supreme Court held that a new cause of action by the special administrator of an estate cannot be brought in an amended complaint filed after the statute of limitations period on the cause of action expired. *Schilling*, 245 Wis. 173 at 179-180. Though *Schilling* has not expressly been overruled, the Wisconsin Supreme Court recently stated that

*Schilling* "no longer accurately sets forth the law as to the issue [of appointments relating back]." *Delsart v. Albany Felt Co.*, 2012 Wisc. App. LEXIS 850, 4, 2012 WI App 132, 345 Wis. 2d 61, 823 N.W.2d 840 (Wis. Ct. App. 2012). Appellate courts in Wisconsin have distinguished *Schilling* for some time. See *Estate of Kitzman v. Kitzman*, 163 Wis. 2d 399, 401-04, 471 N.W.2d 293 (Ct. App. 1991) (complaint by party lacking capacity is not a nullity; relation back is allowed even after statute of limitations has run).

Regardless of the unprecedential value *Schilling*, the Wisconsin Supreme Court in *Schilling* dealt with different circumstances from those in this case. *Id.* at 179. The original complaint in *Schilling* was filed on October 5, 1942, and stated a claim for wrongful death. *Id*. at 176. After demurrer of the original complaint, plaintiff refiled in February of 1943, substituting the decedent's wife as plaintiff and special administrator. *Id.* at 175. This amended complaint also added a claim for damage to personal property to the original wrongful death claim. *Id*. The amended complaint was filed beyond the statute of limitations for the wrongful death claim. *Id.* at 179. Ultimately the Court held that no new cause of action on behalf of the estate could be asserted once the limitations had run. *Id*.

Here, unlike in *Schilling*, Plaintiff does not seek to change or add new claims. (Ex. 2). The claims alleged have remained unchanged. The claims being brought by the special administrator are the same claims alleged in the original complaint. *Schilling* has no bearing on the case at hand. The law in Wisconsin under § 865.09 and *Hutchinson* allows for anointment of a representative or special administrator to relate back to the filing of the complaint.

*Statute of Limitations*

Defendant also argues that Plaintiff's survival claim is beyond the statute of limitations.

This is untrue. Wisconsin Statute § 893.54 states, "[t]he following actions shall be commenced within 3 years or be barred: (1)An action to recover damages for injuries to the person. " Wisconsin Statute § 893.04 provides: "...a period of limitation within which an action may be commenced is computed from the time the cause of action accrues until the action is commenced." "...[U]nder Wisconsin law, a cause of action *will not accrue until the plaintiff discovers*, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but *also that the injury was probably caused by the defendant's conduct or product*." Borello v. US Oil Co., 130 Wis. 2d 397, 411 (1986) (emphasis added).

Here, Frank Zickert was diagnosed with lung cancer on June 9, 2010. Zickert was made aware that his cancer was caused by asbestos exposure in the 11-month period before his death on May 17, 2011. Defendant in their motion state that the latest the statute of limitations would have run till was May 16, 2014. (Doc. 34, p. 6). The earliest the statute could have run would have been three years after Zickert's diagnosis on June 6, 2013. Plaintiff filed this complaint prior to either of those dates on April 12, 2013. (Ex. 2).

Plaintiff's allegations must be accepted as true and construed in the light most favorable to Plaintiff at this stage. Since Plaintiff's complaint was filed prior to the earliest possible end date for the statute of limitations, Defendant's motion must be denied.

Conclusion

This Court should deny Defendant's motion for summary judgment on Plaintiff's survival and wrongful death claims. Plaintiff properly brought the action individually and as special representative of Frank Zickert's estate within the statute of limitations and her powers as special administrator relate back to the original filing.

Dated: January 2, 2015

/S/ Robert G. McCoy
Attorneys for Plaintiffs

Robert. G. McCoy
John T. Sanker III
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
Phone: (312) 944-0600
Email: bmccoy@cvlo.com

**Certificate of Service**

I hereby certify that on January 2, 2015, I caused the forgoing to be electronically filed with the United States District Court for the Western District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: January 2, 2015

/S/ Robert G. McCoy
Attorneys for Plaintiffs

Robert G. McCoy
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
Phone: (312) 944-0600
Email: bmccoy@cvlo.com